IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BEATRICE LILLIAN DUDLEY §<br>    Plaintiffs, §<br> §<br>vs. §<br> §<br> §<br>LTF CLUB OPERATIONS COMPANY, §<br>INC. D/B/A LIFETIME FITNESS #179. §<br>LTF REAL ESTATE MP I LLC D/B/A §<br>THE RIM-LIFETIME FITNESS, AND §<br>LTF CLUB MANAGEMENT §<br>COMPANY, LLC, D/B/A LIFETIME §<br>FITNESS #179 §<br>    Defendants. § | Civil Action No. 5:21-cv-292 |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, **LTF CLUB OPERATIONS COMPANY, INC., D/B/A LIFETIME FITNESS #179, LTF REAL ESTATE MP I LLC D/B/A THE RIM – LIFETIME FITNESS, AND LTF CLUB MANAGEMENT COMPANY, LLC, D/B/A LIFETIME FITNESS #179**, and hereby give notice of its removal of Cause No. 2021-CI-03418; filed in the 166th Judicial District Court of Bexar County, Texas, to the United States District Court for the Northern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1. On or about May 19, 2020, Plaintiff claims she was injured when she exited through one of the doors in Defendants' properties in Bexar County, Texas.

2. Plaintiff filed suit in state court on February 25, 2021 (CAUSE NO. 2021-CI-03418). Service of Citation and Petition (filed with the court and served with Petition) on **LTF CLUB OPERATIONS COMPANY, INC., D/B/A LIFETIME FITNESS #179, LTF REAL ESTATE MP I LLC D/B/A THE RIM – LIFETIME FITNESS, AND LTF CLUB MANAGEMENT**

**COMPANY, LLC, D/B/A LIFETIME FITNESS #179** by service on its registered agent, Cogency Global, Inc., received on March 10, 2020.

3. Plaintiff alleges negligence and gross negligence in seeking actual and punitive damages of "not less than three (3) times Plaintiff's actual damages". Plaintiff alleges that the event caused the Plaintiff injuries to her neck, back and other parts of her body. Her Petition states as follows "*Plaintiff affirmatively pleads that she seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees.*" See Plaintiff's Original Petition, paragraph 19. Plaintiff's Petition establishes a claimed amount in controversy which inferentially exceeds the jurisdictional minimum. Plaintiff additionally made a pre-suit demand on the Defendants in the amount of $10,000,00.00. *See* Demand Letter, dated March 11, 2020, attached hereto as Exhibit F. Consequently, the case has met the jurisdictional minimum for removal.

4. The case has been on file for less than one year.

5. Removal is both timely and appropriate.

## Basis for Removal and Jurisdiction

6. This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

## Full Diversity Between the Parties

*Complete Diversity of Citizenship*

7. To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the

Plaintiff is a Texas citizen and none of the Defendants are Texas citizens or corporations

8. Plaintiffs, Beatrice Lillian Dudley, is a citizen of the State of Texas.

9. Defendant, LTF Club Management Company, LLC, D/B/A Lifetime Fitness #179, is a Foreign Limited Liability Company organized under the laws of Delaware and with a principal place of business in Minnesota.

10. Defendant, LTF Club Operations Company, Inc. D/B/A Lifetime Fitness #179, is a Foreign Corporation organized under the laws of Minnesota and with a principal place of business in Minnesota.

11. Defendant, LTF Real Estate MP I, LLC, D/B/A The Rim - Lifetimes Fitness, is a Foreign Limited Liability Company organized under the laws of Delaware and with a principal place of business in Minnesota.

*Amount in Controversy*

12. In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. As discussed above, Plaintiff claims extensive injuries to her head, neck, back and arm. *See* Plaintiff's Petition at paragraph. 17. Her enumerated damages elements include the following:

   1. Pain and suffering in the past;
   2. Pain and suffering in the future;
   3. Mental anguish in the past;
   4. Mental anguish in the future;
   5. Past medical expenses;
   6. Future medical expenses;
   7. Physical impairment in the past;
   8. Physical impairment in the future;
   9. Physical disfigurement in the past;
   10. Physical disfigurement in the future;
   11. Pre judgment interest;
   12. Post judgment interest;
   13. Exemplary damages; and,
   14. Loss of use.

*See* Prayer contained in Plaintiff's Original Petition, attached hereto.

634503.1 PLD 0018100 21593 SBN

14. Her Petition states as follows "*Plaintiff affirmatively pleads that she seeks monetary relief in the maximum amount allowed by the court excluding costs, pre-judgment interest and attorneys' fees.*" *See* Plaintiff's Original Petition, paragraph 19. She further claims exemplary damages of not less than three (3) times Plaintiff's actual damages. *Id.*

15. Plaintiff's Petition, which claims extensive physical injury, actual damages, future medical needs, and gross negligence/exemplary damages warrants an inference that the claimed amount in controversy which inferentially exceeds the jurisdictional minimum.[1]

16. Plaintiff additionally made a pre-suit demand on the Defendants in the amount of **$10,000,00.00**. *See* Demand Letter, dated March 11, 2020, attached hereto as Exhibit F. Such a demand can and should be considered in determining if the amount in controversy meets or exceeds federal jurisdictional minimums.[2]

17. The letter included 26 pages of medical records evidencing claimed thoracic and lumbar pathology, as well as records evidencing claimed injuries to her neck, elbow, hand, hip and knee. *Id.*

18. Considering the totality of the available data derived from Plaintiff's Petition and her demand

---

[1] *See, e.g., Vanguard Machinery Int'l, LLC v. Smith Publishing, Inc.*, No. H-07-3490, 2008 U.S. Dist. LEXIS 10610, 2008 WL 416254, at *2 (S.D. Tex. Feb. 13, 2008) ("whether it is facially apparent that a plaintiff's claims will likely exceed the jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference.").

[2] In practice courts have looked to pre-suit demand letters to determine whether the amount in controversy was within the jurisdictional limit. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254-55 (5th Cir. 1998) (considering pre-complaint letter from plaintiff's attorney to determine amount in controversy); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount); *see also Cronin v. State Farm Ll*oyds, No. H-08-1983, 2008 U.S. Dist. LEXIS 88964, 2008 WL 4649653, at *3 (S.D. Tex. Oct. 10, 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy.") (citing *St. Paul*); *see Lozano v. Schoellerman*, No. H-08-3069, 2009 U.S. Dist. LEXIS 5742, 2009 WL 211080, at *2 (S.D. Tex. Jan. 28, 2009) (examining plaintiff's pre-removal settlement demand letter to determine whether plaintiff's claims exceed $ 75,000); *Stone v. State Farm Mut. Auto. Ins. Co.*, No. 08-3859, 2008 U.S. Dist. LEXIS 87089, 2008 WL 4507827, at *2 (E.D. La. Oct.2, 2008) ("The amount of a settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.'"). At least one Court in this District has looked to pre-suit settlement demands as evidence in determining if the jurisdictional limit is met. *See Edwards v. Fred's, Inc.*, No. Civ. 05-0288, 2005 U.S. Dist. LEXIS 37658, 2005 WL 2106156, at *2 (W.D. La. Aug. 30, 2005) (concluding that amount in controversy was below the jurisdictional amount because settlement demand was only $ 7,049) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000)).

letter, the claimed amount in controversy exceeds the jurisdictional minimum.

## Removal is Timely and Appropriate

19. If the plaintiff creates diversity jurisdiction sometime after filing the initial complaint, the defendant has one year from the commencement of the suit to remove. 28 U.S.C. § 1446(b). A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b).

20. When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Plaintiff's Pleading strongly indicates that her valuation of the amount in controversy exceeds $75,000.00. Moreover, her demand letter is for $10,000,000.00, cements that the amount in controversy exceeds the jurisdictional minimum and that removal is apt.

21. Removal is both timely and appropriate.

## Jury Demanded

22. Defendants request that the case be tried before a jury.

## Consent of Served Defendants

23. All Defendants consent to this removal.

## Compliance with Local Rule and Notice Requirements

24. Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

   Exhibit A   Plaintiff's Original Petition and

   Exhibit B   Return of Citation on LTF Club Management Company, LLC, d/b/a Lifetime Fitness #179

634503.1 PLD 0018100 21593 SBN

| | |
|---|---|
| Exhibit C | Return of Citation on LTF Club Operations Company, Inc. d/b/a Lifetime Fitness #179 |
| Exhibit D | Return of Citation on LTF Real Estate MP I, LLC, d/b/a The Rim - Lifetime Fitness |
| Exhibit E | Civil Docket Sheet |
| Exhibit F | Plaintiff's Demand Letter (27 pages) |

Defendants know of no orders signed by the state judge.

25. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

**LORANCE THOMPSON,**
**A PROFESSIONAL CORPORATION**

*/s/ Melanie R. Cheairs*

———————————————————
Melanie R. Cheairs
SBN: 17763900
2900 North Loop West, Ste. 500
Houston, TX 77092
(713) 868-5560
(713) 864-4671 (fax)
E-MAIL: MRC@lorancethompson.com
**ATTORNEY FOR DEFENDANT,**
**LTF CLUB OPERATIONS COMPANY, INC.**
**D/B/A LIFE TIME FITNESS, INC.**

634503.1 PLD 0018100 21593 SBN

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of March 2021 a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

Jon B. Olson
**THE LAW OFFICE OF THOMAS J. HENRY,**
521 Starr St.
Corpus Christi, Texas 78401
E-Mail: jolson-svc@thomasjhenrylaw.com

*[signature: Melanie R. Cheairs]*

_____
Melanie R. Cheairs

634503.1 PLD 0018100 21593 SBN